**BELKIN v. FLEMING, Temporary Controls Administrator.**

**No. 407.**

United States Emergency Court of Appeals.

Submitted March 27, 1947.

Decided May 1, 1947.
Rehearing Denied May 20, 1947.

198

Daniel H. Prior, of Albany, N. Y., for complainant.

Carl A. Auerbach, William R. Ming, Jr., Harry H. Schneider, and Josephine H. Klein, all of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MA-GRUDER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant has been indicted for charging more than the ceiling prices prescribed by Maximum Price Regulation No. 165, as amended, for sales of dry cleaning services during the period July 12, 1943 through May 9, 1944. So far as here relevant the applicable maximum prices were the highest prices charged during March, 1942. On May 10, 1944, subsequent to the period involved in the indictment, the complainant filed an application for adjustment of his maximum prices and the application was granted May 26, 1944. However, on January 23, 1945 the Price Administrator revoked the order of adjustment and restored the ceiling prices in effect prior to the adjustment, the lower prices to be retroactive to May 10, 1944.

On March 9, 1945 the complainant filed an application for adjustment under Revised Maximum Price Regulation No. 165, which was denied March 23, 1945. On May 21, 1945 the Price Administrator issued Order No. 14 under Section 6 of Supplementary Service Regulation No. 44 to RMPR 165 whereby he established "in line" maximum prices for complainant's future sales. The criminal proceedings against the complainant were stayed pending disposition of the present complaint which was filed in this court pursuant to the provisions of Section 204(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.A.Appendix, § 924(e). The Temporary Controls Administrator has moved to dismiss the complaint and that motion is now before us.

The complaint is directed to the validity of the orders of January 23, 1945, March 23, 1945 and May 21, 1945. In addition the complainant asserts that the ceiling prices alleged in the indictment are erroneous and seeks an adjudication by this court as to what his ceiling prices prior to May 10, 1944 were.

■ The complainant wholly misconceives the purpose for which a complaint may be filed in this court under Section 204(e) (1) and the jurisdiction of this court which is invoked in such a proceeding. It is expressly provided by Section 204(e) (1) that the complaint shall set forth "objections to the validity of any provision which the defendant is alleged to have violated" and that the Emergency Court of Appeals "shall have jurisdiction to enjoin or set aside in whole or in part the provision of the regulation, order, or price schedule complained of or to dismiss the complaint." The proceeding in this court is ancillary to the case pending in the enforcement court and its purpose is to decide questions of validity which have arisen in the enforcement court but which Section 204(d) of the act prohibits that court from deciding. Conklin Pen Co. v. Bowles, Em. App., 1946, 152 F.2d 764; Lee v. Fleming, Em.App., 1946, 158 F.2d 984, certiorari denied 67 S.Ct. 1186. It is quite clear, therefore, that since the indictment in the district court contains no allegation charging violations of the orders of the Price Administrator put out in January, March and May 1945, no issues with respect to the validity of those orders are or could be raised in that court in the pending criminal proceeding. Accordingly such issues may not be raised in the complaint now before us.

The complaint nowhere challenges the validity of the formula in MPR 165 which establishes the complainant's maximum prices on the basis of the highest prices charged in March, 1942. All that is in-

volved is a dispute as to the amount of those prices. What is sought by the complainant is an adjudication by this court as to what were the maximum prices to which he was subject during the period of his alleged violation.[1] This is a question the determination of which in no way involves the validity of the regulation but merely its application to the facts of complainant's case. It is, therefore, a question with which the district court not only may but must deal in determining whether the complainant is guilty of a criminal violation of the act. Collins v. Bowles, Em.App., 1946, 152 F.2d 760; Reser v. Fleming, Em.App., 1947, 160 F.2d 378.

Since there is no issue raised over which this court has jurisdiction a judgment will be entered dismissing the complaint.

---

[1] The memorandum filed by the district court granting leave to file the complaint in this court recites that there is "a serious question as to the validity and correctness of the ceiling prices which the defendant is alleged to have exceeded in the various counts of the indictment.

This question calls for a full and impartial review of the customs and practices of the defendant and of the schedule of rates charged by the defendant for dry cleaning services during March 1942 * * *."